IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2004-1, ASSET-BACKED CERTIFICATES, SERIES 2004-1,<br><br>Plaintiff,<br><br>v.<br><br>MARK D. MCCONN AND SUSAN SACRA MCCONN,<br><br>Defendants. | Civil Action No. 4:22-cv-00646 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-1, Asset-Backed Certificates, Series 2004-1 ("Deutsche Bank" or "Plaintiff"), complaining of Mark D. McConn and Susan Sacra McConn, Defendants, files this *Original Complaint*, and states as follows:

### I.    PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant, Mark D. McConn, is an obligor under a loan agreement and may be served with process at his residence, 11419 Highgrove Drive, Houston, Texas 77077-4211, or such other place where he may be found.  Summons is requested.

3. Defendant, Susan Sacra McConn, is an obligor under a loan agreement and may be served with process at her residence, 11419 Highgrove Drive, Houston, Texas 77077-4211, or such other place where he may be found.  Summons is requested.

## II.   PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 11419 Highgrove Drive, Houston, Texas 77077-4211, more particularly described as:

> LOT ELEVEN (11), IN BLOCK ELEVEN (11), OF LAKESIDE PLACE, SECTION THREE (3), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 224, PAGE 100 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (The "Property").

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Deutsche Bank National Trust Company has its principal place of business in California. Therefore, Deutsche Bank is a citizen of California for diversity purposes.

7. Defendants, Mark D. McConn and Susan Sacra McConn, are individuals and citizens of the state of Texas.

8. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Harris County Appraisal District values the Property at $321,842.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

11. Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## IV.   FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. On or about October 23, 2003, Defendants Mark D. McConn and Susan Sacra McConn (as "Borrowers"), executed that certain *Texas Home Equity Note (Cash Out – Fixed Rate – First Lien)* (the "Note") in the original principal amount of $188,800.00 payable to Aames Funding Corp dba Aames Home Loan and bearing interest at the rate of 8.900% per annum. A copy of the Note is attached hereto as Exhibit A.

14. Concurrently with the Note, Borrowers executed that certain *Texas Home Equity Security Instrument (Cash Out – First Lien)* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. On October 31, 2003, the Security Instrument was recorded in the Official Public Records of Harris County, Texas under Instrument Number X153188. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

15. Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument pursuant to assignment. The *Assignment of Note and Deed of Trust* ("Assignment") was recorded in the Official Public Records of Harris County, Texas on September 28, 2009, as document number 20090440269. A true and correct copy of the Assignment of is attached hereto and incorporated herein as Exhibit C.

16. Under the terms of the Loan Agreement, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17. The Loan Agreement further provide that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

18. Borrowers failed to make the payments on the Note and has failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. Notices of default and intent to accelerate were mailed to Borrowers in accordance with the Loan Agreement and Texas Property Code. True and correct copies of the Notices of Default are attached hereto as Exhibit D. The default was not cured, and the maturity of the debt was accelerated. Notices of Acceleration of loan maturity were mailed to Defendants in accordance with the Loan Agreement and Texas Property Code. True and correct copies of the Notices of Acceleration of Loan Maturity are attached hereto as Exhibit E.

19. Plaintiff brings this suit to obtain a judgment allowing foreclosure against Defendants.

### V.  CAUSE OF ACTION: FORECLOSURE

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for foreclosure against Defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under the contract.

Defendants, however, did not comply with the Loan Agreement by failing to substantially perform material obligations under its terms. Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code §51.002.

22. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorneys' fees in furtherance of Defendants' obligations under the Loan Agreement, not as a judgment against them personally.

## VI. CONDITIONS PRECEDENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants, Mark D. McConn and Susan Sacra McConn, be cited to appear and answer, and that the Court enter judgment granting a declaration that Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under the Security Instrument's power-of-sale provision and the Texas Property Code, or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
  **MARK D. CRONENWETT**
  Attorney in Charge
  Texas Bar No. 00787303
  Southern District Admission #21340
  mcronenwett@mwzmlaw.com

  **NICHOLAS M. FRAME**
  Of Counsel
  State Bar No. 24093448
  Southern District Admission #312161
  nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**